James T. SANDERSON, Appellee,

v.

Frank N. BRATTON, as President of the Tennessee Bar Association, and Ewing H. Harris, as President of the Hardeman County Bar Association, Appellants,

President of the Memphis & Shelby County Bar Association, Inc., and the Memphis & Shelby County Bar Association, Inc., Intervenors.

Court of Appeals of Tennessee, Western Section.

July 12, 1973.

Certiorari Denied by Supreme Court Feb. 19, 1974.

———◆———

Edward P. A. Smith, Memphis, for Frank N. Bratton, President, and others.

W. Frank Crawford, Memphis, for Intervenors.

Lloyd Tatum, Henderson, for appellee.

MATHERNE, Judge.

The Honorable Phil Harris, by appointment of the Supreme Court of Tennessee, sat on this lawsuit in the place of Presiding Judge C. S. Carney, Jr.

The appellants appeal from a decree of the Chancellor which reinstates the appellee James T. Sanderson as a practicing attorney at law.

The appellee James T. Sanderson had been previously permanently disbarred from the practice of law. See: Memphis & Shelby County Bar Association v. Sanderson (1963) 52 Tenn.App. 684, 378 S.W.2d 173. The appellee instituted the present proceedings under the provisions of Chapter 269, Public Acts 1971, wherein he seeks to be reinstated as a practicing attorney. The Chancellor decreed as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT that the Petition of Applicant, James T. Sanderson, for reinstatement as a practicing attorney at law, pursuant to Chapter 269 of the Public Acts of Tennessee, (1971), is sustained * * *"

It is therefore obvious the present litigation for reinstatement was instituted by virtue of Chapter 269, Public Acts 1971, and the order of reinstatement was made by the authority of that statute.

This Court has heretofore considered this particular legislation and in the case of Cantor v. Brading (Tenn.App.1973) 494 S.W.2d 139, declared Chapter 269, Public Acts 1971, to be unconstitutional. The *Cantor* decision was filed after the Chancellor rendered his opinion in the present lawsuit.

It results the decree of the Chancellor is reversed, and the petition for reinstatement is dismissed. All costs in the Chancery Court and in this Court are adjudged against James T. Sanderson.

NEARN, J., HARRIS, Special Justice, concurs.